UNITED STATES OF AMERICA

IN DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER SMITH,

       Plaintiff,

-v-

JOE'S ITALIAN GRILL, LLC and
JOSEPH DEFELICE, Jointly &
Severally,

       Defendants.
_____/

Case No. 24-11716

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com

_____/

## Complaint and Demand for Jury Trial

NOW COMES the plaintiff, Amber Smith, by and through her counsel, The Niskar Law Firm, PLLC, and in support of her complaint against the defendants, jointly and severally, hereby states as follows:

-1-

## A. Statement of Jurisdiction

1. Plaintiff is a resident of the County of Macomb, State of Michigan.

2. Defendant, Joe's Italian Grill, LLC, is a Michigan limited liability company with its principal place of business located in the County of Macomb, State of Michigan, which conducts regular and ongoing business in the County of Macomb, State of Michigan.

3. Defendant, Joe's Italian Grill, LLC, has done business as Joe's on the Ave, LLC, and is currently doing business as Gratiot Coney Island.

4. Defendant, Joseph DeFelice, is on information and belief a resident of the County of Macomb, State of Michigan, and conducts regular and ongoing business in the County of Macomb, State of Michigan.

5. As the defendants reside in and/or conduct regular and ongoing business in the County of Macomb, State of Michigan, this Honorable Court possesses personal jurisdiction over the defendants and venue is proper pursuant to 28 USC § 1391.

6. Plaintiff alleges violations of Title VII of the Civil Rights Act, 42 USC § 2000e, *et seq*. Therefore, this Honorable Court possesses original subject matter jurisdiction pursuant to 28 USC § 1331 and 42 USC § 2000e-5.

7. This Honorable Court possesses supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367.

## B. Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

8. Defendant, Joseph DeFelice (hereafter "DeFelice") is an owner and member of defendant, Joe's Italian Grill, LLC.

9. Plaintiff began her employment with defendants in or around January of 2023. She last worked for defendants as a manager.

10. Starting from the time plaintiff's employment began, DeFelice subjected plaintiff to conduct and communication of a sexual nature which constituted unlawful sexual harassment. The sexual harassment occurred on a daily or near daily basis. The sexual harassment included requests for sex, comments about wanting to have sex with plaintiff, comments about plaintiff's breasts, and comments about plaintiff's buttocks. In addition, the restaurant general manager, Charles Whisnant, subjected complainant to sexual comments, and recommended that plaintiff have sex with DeFelice.

11. Plaintiff was subjected to unwelcome sexual advances, requests for sexual favors, and other verbal and/or physical conduct of a sexual nature by DeFelice and Whisnant, which had the purpose and/or effect of unreasonably interfering with her work and/or created an intimidating, hostile or offensive working environment.

12. Plaintiff complained about DeFelice's sexual harassment to Mr. Whisnant on or about April 22, 2023 and asked Mr. Whisnant to speak with DeFelice

in order to get the latter to stop sexually harassing plaintiff.

13. Mr. Whisnant indicated that he would speak with DeFelice about the matter.

14. Defendants then terminated plaintiff's employment on or about April 28, 2023.

15. Defendants had actual and/or constructive notice of the sexual harassment.

16. Defendants failed to take prompt and reasonable remedial action stop the sexual harassment.

17. Defendants unlawfully retaliated against plaintiff by terminating her employment.

### C.  Count I – Violation of Title VII of the Civil Rights Act; Sexual Harassment; Hostile Work Environment; *Quid Pro Quo* Sexual Harassment; and Retaliation

Plaintiff incorporates all prior averments, as if fully set forth herein.

18. Plaintiff was an "employee" of defendant, Joe's Italian Grill, LLC, within the meaning of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, *et seq.*, (herein "Title VII")        .

19. Defendant, Joe's Italian Grill, LLC, was an "employer" of plaintiff within the meaning of Title VII.

20. Plaintiff was harassed by DeFelice and Whisnant on the basis of sex and gender through, *inter alia*, unwelcome sexual advances, requests for sexual favors, verbal conduct of a sexual nature, and physical conduct of a sexual nature, as more fully set forth above, which had the purpose and/or effect of

unreasonably and substantially interfering with the plaintiff's work performance and/or in creating an intimidating, hostile, and/or offensive work environment.

21. Defendants had actual and/or constructive notice of the sexual harassment.

22. Plaintiff objected to the sexual harassment and requested that it stop.

23. In lieu of merely ceasing further sexual harassment, defendants terminated plaintiff's employment, thereby unlawfully retaliating against her, and making plaintiff's submission to the sexual harassment a condition of continued employment.

24. Defendant, Joe's Italian Grill, LLC, is liable for the sexual harassment and/or retaliation committed by DeFelice and Whisnant.

25. Defendant, Joe's Italian Grill, LLC, by and through its employees and agents, is further liable to the plaintiff under Title VII for:

    a. failing to adopt an adequate sexual harassment policy;
    b. failing to adequately train its employees and agents on proper sexual harassment policies;
    c. failing to timely and adequately instruct the offending employees and agents to refrain from sexually harassing behavior;
    d. failing to timely, properly and adequately respond to plaintiff's complaint(s) and/or report(s) of sexual harassment;
    e. allowing the offending employees and agents to continue sexually harassing plaintiff after she made timely and adequate efforts to report and stop the same;
    f. failing to timely and adequately discipline the offending employees and agents;
    g. failing to timely terminate the offending employees and agents from employment;

      h.    failing to timely, properly and adequately investigate plaintiff's complaints of sexual harassment;
      i.    Making plaintiff's submission to the sexual harassment a condition of her employment;
      j.    Engaging in and/or permitting sexual harassment which created a hostile work environment for plaintiff;
      k.    unlawfully retaliating against plaintiff for her complaint(s) and/or report(s) of sexual harassment, including through the termination of her employment

26. Defendants' violation(s) of Title VII was/were done with malice and/or reckless indifference to the plaintiff's rights, thereby subjecting the defendants to punitive damages, in addition to all other damages available at law.

27. As a direct and proximate result of defendants' violation(s) of Title VII, and the regulations promulgated thereunder, plaintiff suffered emotional distress, mental anguish, pain and suffering, fright, humiliation, shock, fear, embarrassment, and all other non-economic damages available at law.

28. As a direct and proximate result of defendants' violation(s) of Title VII, and the regulations promulgated thereunder, plaintiff has incurred all economic damages available at law, both past, present and into the future, specifically including but not limited to lost wages, lost overtime wages, the value of lost employment benefits, the cost of replacement benefits if any, loss of other compensation denied and lost, consequential damages, and any incurred medical expenses. Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be

incurred in the future (including front-pay).

29. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling the defendants to reinstate plaintiff and to retroactively restore plaintiff's seniority and all benefits.  Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including non-economic damages, back-pay, the value of lost benefits, the value of replacement benefits, consequential damages, the costs of any medical care, attorney fees, costs, interest, etc.

30. Plaintiff is further claiming as damages all costs and attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to Title VII.

### D.  Count II – Violation of the Elliott-Larsen Civil Rights Act, MCL § 37.2101, *et seq.*; MSA § 3.548(101), *et seq.;* Sexual Harassment; Hostile Work Environment; Quid Pro Quo Sexual Harassment; and Retaliation

Plaintiff incorporates all prior averments, as if fully set forth herein.

31. Plaintiff was an employee of defendants within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.2102, *et seq*; MSA § 3.548(101), *et seq* (hereafter "ELCRA").

32. Defendants were each an employer of the plaintiff within the meaning of the

ELCRA.

33. Plaintiff was harassed by DeFelice and Whisnant on the basis of sex and gender through, *inter alia*, unwelcome sexual advances, requests for sexual favors, verbal conduct of a sexual nature, and physical conduct of a sexual nature, as more fully set forth above, which had the purpose and/or effect of unreasonably and substantially interfering with the plaintiff's work performance and/or in creating an intimidating, hostile, and/or offensive work environment.

34. Defendants had actual and/or constructive notice of the sexual harassment.

35. Plaintiff objected to the sexual harassment and requested that it stop.

36. In lieu of merely ceasing further sexual harassment, defendants terminated plaintiff's employment, thereby unlawfully retaliating against her, and making plaintiff's submission to the sexual harassment a condition of continued employment.

37. Defendant, Joe's Italian Grill, LLC, is liable for the sexual harassment and/or retaliation committed by DeFelice and Whisnant.

38. Defendants are further liable to the plaintiff under the ELCRA for:

    a. failing to adopt an adequate sexual harassment policy;
    b. failing to adequately train its employees and agents on proper sexual harassment policies;
    c. failing to timely and adequately instruct the offending employees and agents to refrain from sexually harassing behavior;
    d. failing to timely, properly and adequately respond to plaintiff's complaint(s) and/or report(s) of sexual harassment;

  e. allowing the offending employees and agents to continue sexually harassing plaintiff after she made timely and adequate efforts to report and stop the same;
  f. failing to timely and adequately discipline the offending employees and agents;
  g. failing to timely terminate the offending employees and agents from employment;
  h. failing to timely, properly and adequately investigate plaintiff's complaints of sexual harassment;
  i. Making plaintiff's submission to the sexual harassment a condition of her employment;
  j. Engaging in and/or permitting sexual harassment which created a hostile work environment for plaintiff;
  k. unlawfully retaliating against plaintiff for her complaint(s) and/or report(s) of sexual harassment, including through the termination of her employment

39. Defendants' violation(s) of the ELCRA was/were done with malice and/or reckless indifference to plaintiff's rights, thereby subjecting defendants to exemplary damages, in addition to all other damages available at law.

40. As a direct and proximate result of defendants' violation(s) of the ELCRA, plaintiff suffered emotional distress, mental anguish, pain and suffering, fright, humiliation, shock, fear, embarrassment, and all other non-economic damages available at law.

41. As a direct and proximate result of defendants' violation(s) of the ELCRA, plaintiff has incurred all economic damages available at law, both past, present and into the future, specifically including but not limited to lost wages, lost overtime wages, the value of lost employment benefits, the cost of replacement benefits if any, loss of other compensation denied and lost,

consequential damages, and any incurred medical expenses.  Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

42. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling the defendants to reinstate plaintiff and to retroactively restore plaintiff's seniority and all benefits.  Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including non-economic damages, back-pay, the value of lost benefits, the value of replacement benefits, consequential damages, the costs of any medical care, attorney fees, costs, interest, etc.

43. Plaintiff is further claiming as damages all costs and attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to the ELCRA.

### E.  Compliance with Procedural Prerequisites to Filing Suit

44. Plaintiff has satisfied all procedural prerequisites to commencing this action, including but not limited to, the timely filing of an adequate charge of discrimination with the Equal Employment Opportunity Commission, the issuance of a Right to Sue Letter, as well as the timely commencement of this action in relation to issuance of the Right to Sue Letter.

WHEREFORE plaintiff respectfully prays for judgment against the defendants, jointly and severally, for all compensatory damages (non-economic and economic), punitive damages, exemplary damages, and all other damages available at law, together with costs, interest and attorney fees incurred in having to investigate, pursue, litigate and prosecute the instant action.

Respectfully submitted,

THE NISKAR LAW FIRM, PLLC

By: /s/ Joey S. Niskar
JOEY S. NISKAR (P55480)
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com

Dated:  July 2, 2024

UNITED STATES OF AMERICA

IN DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER SMITH,

        Plaintiff,

                                                          Case No. 24-11716

-v-

JOE'S ITALIAN GRILL, LLC and
JOSEPH DEFELICE, Jointly &
Severally,

        Defendants.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com

_____/

## **DEMAND FOR JURY TRIAL**

    NOW COMES the plaintiff, Amber Smith, by and through her counsel, The Niskar Law Firm, PLLC, and hereby demands a trial by jury on all claims, defenses and issues in this case.

Respectfully submitted,

THE NISKAR LAW FIRM, PLLC

By: /s/ Joey S. Niskar
JOEY S. NISKAR (P55480)
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com

Dated:  July 2, 2024

-13-